**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| BRIAN RALPH KEIRSEY # 262809 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. RDB-07-2298 |
| | * | |
| KATHLEEN GREEN, Warden, *et al.* | * | |
| Respondents | * | |
| | oOo | |

**MEMORANDUM OPINION**

Before the court is a *pro se* 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Brian Keirsey, an inmate at the Eastern Correctional Institution, challenging his convictions in 1994 and resentencing in 1997 for burglary, first-degree rape, and related offense in the Circuit Court for Worcester County.[1]  Respondents, by their counsel, have moved to dismiss the Petition as time-barred. Petitioner has filed a Reply in opposition. Upon review of the pleadings, exhibits and applicable law, the Court finds a hearing unnecessary and the Petition untimely.  The Petition will be dismissed by separate Order.

**I. Procedural Background**

Keirsey was convicted after a jury trial in May of 1994. The Circuit Court sentenced him to two consecutive life sentences without the possibility of parole with the remaining convictions merged.  In a reported opinion filed on September 1, 1995, the Court of Special Appeals of Maryland vacated Keirsey's sentences but affirmed the convictions. On February 14, 1997, Keisey was resentenced to life in prison for rape and a consecutive twenty years for burglary.  Keisey did not appeal resentencing.

On April 8, 1996, the Court of Appeals of Maryland vacated and remanded the case to the

---

[1] The answer erroneously indicates that Keirsey was convicted in the Circuit Court for Wicomico County.

Court of Special Appeals for reconsideration.[2]  The Court of Special Appeals affirmed the convictions on reconsideration.  On April 21, 1997, the Supreme Court of the United States denied Keirsey's petition for *certiorari*. Keirsey filed a request for rehearing that was denied on August 7, 1997.

On August 6, 2003, Keisey filed a petition for post-conviction relief in the Circuit Court for Worcester County .  Following a hearing, the Circuit Court denied post-conviction relief by order dated October 8, 2004.  Keirsey's application for leave to appeal the decision of the state post-conviction court, as supplemented by counsel, was summarily denied by the Court of Special Appeals of Maryland on May 29, 2007.  The Court denied reconsideration, and issued the mandate on October18, 2007.  Keirsey filed the instant §2254 Petition for Writ of Habeas Corpus on August 29, 2007.  *See  Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998) (applying the "mailbox rule").

**II.  Statute of Limitations**

A one-year statute of limitations applies to federal habeas petitions challenging state convictions. *See* 28 U.S.C. §§ 2244(d),[3] 2254.  This one-year period is tolled while properly filed

---

[2]  The Court of Appeals of Maryland vacated and remanded the case for reconsideration in light of *Armstead v. State,* 342 Md. 38 (1996).

[3]  28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

### III. Equitable Tolling

In order to be entitled to equitable tolling, a petitioner must establish extraordinary conduct beyond his control or external to his own conduct caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 ( 4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246. A petitioner's lack of understanding of the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004)**.**

Keirsey asserts that on February 15, 1997, he filed a "Petition for Post Conviction Relief to

---

application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

be Held in Abeyance" in which he requested that the Circuit Court consider his pleading a timely petition for post-conviction relief and hold the proceedings in abeyance while corrections to the trial transcript were made. Petition, p 5-A.  Respondents have filed as an exhibit a letter from the Clerk of the Circuit Court for Worcester County stating  there is no record that such a pleading was ever filed. Ex. 14.  Notably, the copy of the "Petition for Post Conviction Relief to be Held in Abeyance" submitted by Keirsey in support of the instant petition does not bear a date stamp or other indicia to verify proper filing.  The Court further observes that a docket entry noting the appearance of Joan Gordon, an assistant public defender, on behalf of Keirsey on March 25, 1997, was later stricken on April 3, 1997, as "improvidently filed" because no post conviction petition had been filed. Ex. 1, 12 & 13.  Moreover, even if the Court were to assume the "Petition for Post Conviction Relief to be Held in Abeyance" was filed, the pleading does not qualify as a post-conviction petition under Maryland Law and provides no basis to toll the one-year limitations period.. *See* Md. Code Ann., Crim. Proc. 7-102 (outlining the cognizable claims for post-conviction relief); *see also Artuz v. Bennett*, 531 U.S. 4, 8-11 (2000) (properly filed pleading with cognizable post conviction claims tolls the limitations period of 28 U.S.C. § 2244(2).

**IV.  Analysis**

Keirsey's convictions became final on April 21, 1997, and the one-year limitations period began to run when the Supreme Court denied his petition for writ of certiorari. *See* 28 U.S.C. §2244(d).  Keirsey's subsequent rehearing request which was denied on August 4, 1997, did not toll the running of the one-year limitations period. *See United States v. Segers*, 271 F.3d 181, 186 (4th Cir. 2001) (holding absent issuance of a suspension order, the judgment of conviction is final for the purpose of starting the one-year limitations period when *certiorari* is denied); *In Re Smith,* 436 F.3d 9, 10 (1st Cir. 2006); *Giesberg v. Cockrell,* 288 F.3d 268, 270-71 (5th Cir. 2002).  Keirsey did not file

4

a petition for post-conviction relief or other collateral review until August 6, 2003, a period of more than six years after the expiration of the one-year limitations period, and fails to show that he diligently pursued his rights and that some extraordinary circumstance stood in his way to prevent him from timely filing for federal collateral relief. *S ee Pace* 544 U.S. at 418 (2005); *Rouse*, 339 F.3d at 246. Consequently, the Court will dismiss the Petition as time-barred by separate order.

December 13, 2007                               /s/
Date                                                        RICHARD D. BENNETT
                                                               UNITED STATES DISTRICT JUDGE